## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-08867 MMM (Ex) | Date | February 10, 2014 |
|---|---|---|---|

| Title | *Federal Insurance Company v. Brasscraft Manufacturing Company et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

## I.  BACKGROUND

On October 24, 2013, Federal Insurance Company ("Federal Insurance") filed this action as subrogee of its insured, Marisa Feldmann, in Los Angeles Superior Court against Brasscraft Manufacturing Company ("Brasscraft") and certain fictitious defendants.[1]  Federal Insurance served Brasscraft on November 6, 2013, and Brasscraft removed the action to federal court on December 2, 2013, invoking the court's diversity jurisdiction.[2]

Federal Insurance alleges that prior to July 3, 2011, defendants designed, manufactured, distributed, specified, sold, and installed an under-sink water supply line, together with associated

---

[1]Notice of Removal ("Removal"), Docket No. 1 (October 24, 2013), Exh. A ("Complaint") at 1.

[2]Removal, ¶ 7.

component parts (the "product"), at Feldmann's property[3] in Agoura Hills, California.[4]  It asserts that the product failed on July 3, 2011, resulting in catastrophic damage and flooding in and around Feldmann's property,[5] and estimated damages of $416,351.99.[6]  Federal Insurance alleges that it paid the full amount of Feldmann's loss, and that it is subrogated to her claims.[7]

Federal Insurance pleads causes of action for strict liability, negligence, and breach of implied or express warranty.  It asserts the first two claims against "all Defendants," and the third against "Defendant, Kirman Plumbing Company, and Does 1 through 10."[8]  Kirman Plumbing Company ("Kirman") is not identified as a defendant in the caption of the complaint.  It has not appeared in the action, and there is no record that it has been served.

## II.  DISCUSSION

### A.    Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court involves a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b).  Only state court actions that could originally have been filed in federal court can be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d

---

[3]Complaint, ¶ 8.

[4]*Id.*, ¶ 6.

[5]*Id.*, ¶ 14.

[6]*Id.*, ¶ 15.

[7]*Id.*, ¶¶ 6, 15, 21, 25.

[8]*Id.* at 4.

662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.    Whether This Case Was Properly Removed under 28 U.S.C. § 1332

Brasscraft alleged in removing this action that it fell within the court's diversity jurisdiction. "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and [that] the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), (c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

### 1.    Amount in Controversy

The court first examines whether the amount in controversy exceeds $75,000. "A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction)." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing 28 U.S.C. § 1332(a)). "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)). "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper." *Id.* at 1106-07 (citing *Gaus*, 980 F.2d at 567).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (emphasis original)). "[W]hen a complaint filed in state court alleges on its

3

face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).   See also *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").   Because Federal Insurance alleges damages of $416,351.99,[9] and it does not appear to a "legal certainty" that it cannot actually recover that amount, the court concludes the amount in controversy requirement is satisfied.   *Guglielmino*, 506 F.3d at 699.

## 2.     Complete Diversity

The Supreme Court has held that the citizenship of all defendants – both served and unserved – determines whether the complete diversity requirement has been met.   *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).   Because \the party invoking federal jurisdiction "always has the burden of establishing that removal is proper," *Gaus*, 980 F.2d at 566, a defendant invoking the court's diversity jurisdiction also has the burden of establishing that complete diversity exists between each plaintiff and each named defendant – including those defendants who have not yet been served.   28 U.S.C. §§ 1332(a)(1), (c)(1); see *Lewis*, 519 U.S. at 68; see also *Pullman Co.*, 305 U.S. at 541. Although the citizenship of all parties is relevant in determining whether is complete diversity, a removing defendant is not required to obtain the consent of a co-defendant who was not properly served.   *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).   For removal purposes, moreover, "the citizenship of defendants sued under fictitious names shall be disregarded."   28 U.S.C. § 1441(b)(1).

In determining diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.   28 U.S.C. § 1332(c)(1).   While there is an exception to this rule in cases involving "direct actions" against liability insurers – which provides that the insurer is deemed to be a citizen of every state of which the *insured* is a citizen – that rule is limited to cases filed *against* the insurer and does not apply to actions filed by the insurer.   *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 8 (1989).[10]   In cases

---

[9]*Id.*, ¶ 15; *id.*, ¶ 1 (prayer).

[10]28 U.S.C. § 1332(c) provides:
"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen; . . . every State and foreign state by which the insurer has been incorporated; and . . . the State or

such as this, the insurer's citizenship is determined just as the citizenship of any other corporation is determined. *Id.*

The complaint alleges that Federal Insurance is a California corporation, and that Brasscraft is a Michigan corporation.[11] It is silent, however, regarding either party's principal place of business. Brasscraft alleges in its notice of removal that it is a Michigan corporation and has its principal place of business in that state.[12] Absent contradictory evidence, this suffices to establish that Brasscraft is a Michigan citizen. Brasscraft also alleges, on information and belief, that Federal Insurance is incorporated and has its principal place of business in New Jersey.[13]

"'A petition alleging citizenship upon information and belief is insufficient'" to establish diversity." *Massoudi v. ConocoPhillips Co.*, No. CV 09-4390 PA (FMOx), 2009 WL 1811726, *1 (C.D. Cal. June 25, 2009) (quoting *Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963)); see also *Kanter v. v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").[14] Because Brasscraft does not affirmatively allege the citizenship of Federal Insurance, the court is unable to determine whether there is complete diversity.

Additionally, neither the complaint nor the notice of removal alleges Kirman's citizenship. Because the removing defendant has the burden of establishing that complete diversity exists between each plaintiff and each named defendant, *Lewis*, 519 U.S. at 68, the court must determine whether it should deem Kirman a named defendant.

---

foreign state where the insurer has its principal place of business[.]"

[11]Complaint, ¶¶ 1, 2.

[12]Removal, ¶ 6.

[13]*Id.*, ¶ 4.

[14]Brasscraft attaches to its notice of removal a print out from the California Secretary of State's website listing Federal Insurance's jurisdiction of incorporation and address. The print out states that the information is current through November 15, 2013. (*Id.*, Exh. D.) "For purposes of determining the existence of diversity jurisdiction," however, "the citizenship of the parties is determined with reference to the facts as they were at the time the lawsuit was filed." *Sports Shinko Co., Ltd. v. QK Hotel, LLC*, 486 F.Supp.2d 1168, 1172 (D. Haw. 2008) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569-71 (2004)). Because this action was commenced on October 24, 2013, the print out, which postdates the filing of the complaint, does not adequately establish Federal Insurance's citizenship as of the date of filing.

In the Ninth Circuit, a party may properly be deemed a defendant even if plaintiff fails to name it in the caption of the complaint. *Barsten v. Dept. of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("[A court] may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant,'" quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)). See *Rice*, 720 F.2d at 1085 ("It is undisputed that the improper defendant was named at the top of Rice's timely filing. That, though, does not compel a finding that the proper defendant was not, in fact, named. This court held in *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), that the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant").

While the complaint does not name Kirman in the caption, Kirman is expressly and unambiguously identified as a defendant in the third cause of action for breach of express and implied warranty, which Federal Insurance pleads against "Defendant, Kirman Plumbing Company, and DOES 1 through 10, inclusive."[15] This indicates that Federal Insurance intended to name Kirman as a defendant. As the party with "the burden of establishing that removal is proper" *Gaus*, 980 F.2d at 566, Brasscraft must either allege Kirman's citizenship or demonstrate why the court should not consider its citizenship in deciding whether it has diversity jurisdiction to hear this case. *Id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); see also *Solberg v. NDEx West, L.L.C.*, No. C 10–4600 SBA, 2011 WL 1295940, *4 (N.D. Cal. Mar. 31, 2011) ("To the extent that Wachovia's position is that Wells Fargo Bank, FSB, is not an actual entity or that its citizenship otherwise should be disregarded for purposes of removal jurisdiction, it was incumbent on Wachovia to allege such facts in the body of its Notice of Removal"). Because Brasscraft has failed either to allege Kirman's citizenship or plead facts demonstrating that its citizenship should be disregarded in determining diversity jurisdiction, the court cannot determine that complete diversity exists.

### III.  CONCLUSION

For the reasons stated, the court orders Brasscraft to show cause on or before **February 18, 2014,** why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction. Should Brasscraft fail to respond by this date, the court will remand the action to state court forthwith. Federal Insurance may file a response to any pleading filed by Brasscraft on or before **February 25, 2014.**

---

[15]Complaint at 4.